LEE A. WALKER & DOROTHY A. WALKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 16479-80.
United States Tax Court
T.C. Memo 1982-33; 1982 Tax Ct. Memo LEXIS 712; 43 T.C.M. (CCH) 358; T.C.M. (RIA) 82033; January 28, 1982. Vincent L. Alsfeld, for the petitioners. Maureen T. O'Brien, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Chief Judge: Respondent determined deficiencies in petitioners' income tax as follows: Year
Deficiency
1977
$ 5,362
1978
6,659
Concessions having been made by petitioners, the only issue presented is whether certain payments to Lee Walker [1] while he was participating in the second-career training program, pursuant to 5 U.S.C. sec. 3381 *713 (1977) should be excluded from petitioners' gross income as workmen's compensation under section 104(a)(1). [2]
This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts is incorporated by this reference. Petitioners, Lee A. Walker and Dorothy A. Walker, filed joint Federal income tax returns for 1977 and 1978 with the Director, Andover Service Center, Andover, Massachusetts. At the time they filed their petition in this case, petitioners resided in Amherst, New Hampshire. Until the fall of 1977, petitioner was employed as an air traffic controller by the Department of Transportation, Federal Aviation Administration (F.A.A.). During 1977, it was determined that petitioner would be removed from his position as an air traffic controller. Petitioner requested reassignment training pursuant to 5 U.S.C. sec. 3381 (1977) and was reassigned *714 to a program of training as a general manager, home construction. The training was for a two-year period from March 20, 1977, to March 20, 1979. During this training period, petitioner was retained at his last assigned civil service grade and the rate of basic pay as a controller. Petitioner received increases in basic pay as authorized by law. In 1977, petitioner received $ 30,693.89 in wages from the F.A.A. and excluded from gross income $ 21,704.89 of this amount. In 1978 petitioner excluded from gross income the total $ 32,409.85 paid to him by the F.A.A. During 1977 and 1978 petitioner did not receive disability compensation from the United States Department of Labor under the Federal Employees Compensation Act. Petitioner argues that the amounts received pursuant to the second-career training program are "amounts received under workmen's compensation acts for personal injuries or sickness," section 104(a)(1), and are excludable from his gross income. In Gallagher v. Commissioner, 75 T.C. 313 (1980), we held that payments received under the second career training program were not payments in the nature of worker's compensation. "While the payments *715 may have been triggered by an injury or sickness, they are not meant to compensate for it." 75 T.C. at 317. Petitioner seeks to distinguish his situation from that which existed in Gallagher on the grounds that he filed a claim for disabidlity under the Federal Employees Compensation Act and that such claim was approved. There is no evidence in the record to support petitioner's contention but, in any event, such a determination would not change the characterization as compensation of payments received by petitioner under the second-career training program. [3]
In sum, Gallagher controls and the payments in question are not excludable either under section 104(a)(1) or section 105(d). [4]
Decision will be entered for the respondent. Footnotes
1. All references to petitioner will be to Lee Walker. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner asserts on brief that his medical evaluation by the F.A.A. was not completed until 1979. If that were true, his case is even weaker than that of the taxpayer in Gallagher↩.
4. See also Watson v. Commissioner, T.C. Memo. 1981-465↩.